UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No.  1:21-cv- **2507**

**Daniel Lingle,**

           **Plaintiff,**

v.

**Sun Mountain Retreat, LLC**; **Sun Mountain Retreat I, LLC;**
**Family Accounts, LLC; Magistrelli Family Revocable Living Trust;**
**Wilderness Heights Property Owners' Association, Inc.;**
**High Winds Inc.**, f/k/a High Winds Youth, Inc.;
**Karen Rae Magistrelli,** an individual; and **Robert ("Bob") Magistrelli,** an individual

           **Defendants.**

---

## VERIFIED COMPLAINT

### INTRODUCTION

1. Plaintiff Daniel Lingle ("Plaintiff") worked for Defendants for about twenty years, performing a variety of duties for their endeavors and on their various properties, largely but not exclusively those of a handyman type nature.  Throughout that time, Defendants only ever paid him $80 a week, which yielded an effective hourly rate well below the minimum wage.

2. To challenge this and other wage violations, Plaintiff brings this action, by and through his attorneys, against related Defendants Sun Mountain Retreat, LLC; Sun Mountain Retreat I, LLC; Family Accounts, LLC; Magistrelli Family Revocable Living Trust; High Winds Inc., f/k/a High Winds Youth, Inc.; Karen Rae Magistrelli, an individual; and Robert ("Bob") Magistrelli, an individual, to recover unpaid or underpaid wages and other

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, et seq. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, et seq., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Orders") and then the Colorado Overtime and Minimum Pay Standards Orders ("COMPS") (collectively, "CWCA").

3. Plaintiff also brings conversion claims based on the egregious underpayment of wages, and retaliation claims under state and federal law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

6. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' other located at 9125 Canyon Dr. Woodland Park CO 80863, and one or more of the Defendants named herein resides in this district.

## PARTIES

### Defendants

7. Defendant Karen Rae Magistrelli and Robert ("Bob") Magistrelli, husband and wife, reside at 9125 Canyon Dr. Woodland Park CO 80863, in Teller County.

8. The Magistrellis own, either directly or through trusts, multiple pieces of property in the Teller County area. One of these is a large tract of land of just under 150 acres located on 9125 Canyon Dr., which has several structures on it. One of these is a large "mountain

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Lingle v. Sun Mountain et al*
USDC, District of Colorado

Complaint
Page 2

retreat" building that has at least five bedrooms or more, a playground, hot tub, game tables, basketball court, etc. Other properties include those at 8727 Woodrow Avel, 10926 Third St, and 9127 High Mark Point.

9. The Magistrellis have set up various corporate entities affiliated with their property management and use enterprises.

10. Defendant **Sun Mountain Retreat, LLC** was a Colorado limited liability corporation until it was dissolved on or about May 28, 2020. This entity's principal place of business was located at 10925 Third Street, Crystola, CO 80863, and its principal mailing address, 9125 Canyon Dr. Woodland Park CO 80863. Its registered agent is listed with the Colorado Department of State as Karen Rae Magistrelli at the latter address.

11. Defendant **Sun Mountain Retreat I, LLC** was a Colorado limited liability corporation until it was dissolved on or about May 28, 2020. This entity's principal place of business was located at 9125 Canyon Dr. Woodland Park CO 80863. Its registered agent is listed with the Colorado Department of State as Family Accounts, LLC at the same address.

12. Defendant **Family Accounts, LLC** was a Colorado limited liability corporation until it was dissolved on or about March 25, 2020. This entity's principal place of business was located at 9125 Canyon Dr. Woodland Park CO 80863. Its registered agent is listed with the Colorado Department of State as Karen Rae Magistrelli at the same address.

13. Defendant **Wilderness Heights Property Owners' Association, Inc.** is a Colorado nonprofit corporation. This entity's principal place of business is listed with the secretary of state as being located at 9125 Canyon Dr. Woodland Park CO 80863. Its registered agent is listed with the Colorado Department of State as Karen Rae Magistrelli at the same address.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Lingle v. Sun Mountain et al*
USDC, District of Colorado

Complaint
Page 3

14. Defendant **High Winds Inc.**, f/k/a High Winds Youth, Inc. (hereinafter "High Winds") is a nonprofit corporation doing business within Teller County, and whose principal place of business is located at 9125 Canyon Dr. Woodland Park CO 80863. Its registered agent is listed with the Colorado Department of State as Karen Rae Magistrelli at the same address.

15. Plaintiff reserves the right to supplement this list of entities as litigation unfolds.

16. At all relevant times, Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

17. At all relevant times, the Defendants' enterprise had annual gross revenues in excess of $500,000.

18. The Magistrellis were both Plaintiff's "bosses." They each had the authority to hire him, fire him, set his rate of pay, and direct his activities.

19. At all times material to this action, both Magistrellis were "employers" of the Plaintiff, as defined by § 203(b) of the FLSA and CWCA.

20. At all relevant times, Defendants were engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

21. Some of the enterprise's activities include renting out the properties for vacation stays, to individuals and groups coming from within Colorado and without. In so doing, they have made listings for these rentals online, and have accepted credit card payments online.

22. In addition, the Defendants have purchased supplies and equipment from out of state, including household items such as groceries and cleaning supplies and also equipment such as tools and machines needed to maintain the property.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Lingle v. Sun Mountain et al*
USDC, District of Colorado

Complaint
Page 4

23. At all times material to this action, Defendants were subject to the FLSA and an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Daniel Lingle**

24. Plaintiff Daniel Lingle is a resident of Colorado.

25. At all times material to this action, Plaintiff Lingle was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

## FACTUAL BACKGROUND

26. Plaintiff Lingle worked for Defendants from October 1, 2002 to May 15, 2021, or thereabouts.

27. Plaintiff performed a variety of tasks for the Defendants' properties, mostly but not exclusively those of a general laborer, handyman, or maintenance man. For example, he would do plumbing, mow the gross, act as a diesel mechanic, or whatever else he was called upon to do or fix.

28. Plaintiff stayed on premises, in one of the bedrooms of one of the larger communal buildings on the property at 9125 Canyon Drive in Woodland Park. That way, he was always available when needs arose.

29. In addition, Defendants directed him to perform work off the primary property. For example, the Magistrellis own a rental property in Pueblo on which Plaintiff was expected to perform maintenance and respond to any emergency situations that might arise. When his work was needed, the Magistrellis would drive him there. In addition, Defendants asked Plaintiff to work on their children's homes. For example, he installed a new roof on their son's house.

30. Defendants did not keep track of Plaintiff's time worked.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Lingle v. Sun Mountain et al*
USDC, District of Colorado

Complaint
Page 5

31. Plaintiff's work hours varied widely. He worked almost every day of the week; he rarely had days fully off duty. In general his active work would occur between the hours of 5:00AM and 8:00PM, but there were some occasions when he would work outside of those hours, generally in emergency type situations. During the daytime hours he would not always be actively performing tasks at all hours (though he did stay busy), but he was generally expected to be available to perform tasks when needed or requested.

32. Plaintiff conservatively estimates that he should have been compensated for 65 hours a week on average.

33. In exchange for his work, Defendants paid Plaintiff $80 a week.

34. Defendants did not pay Plaintiff Lingle at or above the federal or state minimum wage for his work. They also did not pay him at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek.

35. In addition, as part of the arrangement, and a large motivator for why the Plaintiff agreed to accept the arrangement, was that the Magistrellis promised the Plaintiff that he could continue living on the premises for the rest of his life, even if they predeceased him. To solidify this position, the Magistrellis affirmatively told the Plaintiff that they had identified members of their family (their children) to effectuate this promise, and that they had appointed individuals (presumably lawyers) to make it binding. Plaintiff fully believed the Magistrellis, and he relied on these promises. He continued working there, under these conditions, in large part because of this *de facto* "retirement plan" or "pension" analog. As it turned out, the Defendants never actually took any formal steps to effectuate this promise.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Lingle v. Sun Mountain et al*
USDC, District of Colorado

Complaint
Page 6

36. In or around the spring of 2021, the parties' relationship started to fall apart. Amongst other things, Plaintiff confronted Defendants about the fact that he wasn't even being paid the minimum wage.

37. As the relationship continued to fall apart, Plaintiff sought counsel. Counsel issued a Colorado demand for payment of wages dated June 16, 2021.

38. Shortly thereafter, Defendants commenced eviction proceedings against Plaintiff.

39. Plaintiff, having only been paid a very small amount each week and having known no other livelihood for 20 years, had few (if any) resources with which to secure alternate housing. Defendants knew, or reasonably should have known, that this was the case, but went ahead with these proceedings anyway.

40. Since Defendants have not tendered any payment in response to the wage demand or otherwise sought to resolve Plaintiff's wage claims, Plaintiff decided to pursue his wage claims in court.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

41. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

**Failure To Pay Minimum Wage**

42. Defendants failed to pay Plaintiff the minimum wage for all hours worked, in violation of the FLSA.

**Failure To Pay Time Overtime Properly**

43. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Lingle v. Sun Mountain et al*
USDC, District of Colorado

Complaint
Page 7

hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

### Record-Keeping Failures

44. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### Willful & Not Based On Good Faith & Entitlement to Damages

45. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

46. At all relevant times, Defendants knew of the FLSA's requirements regarding minimum wage and overtime. In paying Plaintiff in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

47. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

48. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**COLORADO WAGE ACT VIOLATIONS**

49. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

50. The Defendants were Plaintiff's "employer" as that term is defined by the COMPS. 7 C.C.R. 1103-1(1.6).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Lingle v. Sun Mountain et al*
USDC, District of Colorado

Complaint
Page 8

51. Plaintiff is Defendants' "employee" as that term is defined by the Wage Orders / COMPS because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

**Failure to Pay Minimum Wage**
**(Violation of the C.R.S. § 8-6-101** *et seq.***; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

52. The Defendants failed to pay Plaintiff at a rate at or above the applicable minimum wage rate for all hours worked in the workweek.

53. Specifically, Defendants paid Plaintiff at a rate $80 per week. Plaintiff estimates that on average he worked at least 65 hour weeks. Thus, the amount Plaintiff received in a given workweek divided by the number of hours actually worked resulted in a wage less than the applicable minimum wage rate.

**Failure to Pay Weekly Overtime Premiums**
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

54. Plaintiff work more than 40 hours at least some workweeks.

55. Defendants do not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek.

56. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

57. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

58. Defendants violated the CWA as implemented by the Wage Orders/COMPS, when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

59. For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Lingle v. Sun Mountain et al*
USDC, District of Colorado

Complaint
Page 9

workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

### Failure to Pay All Earned Wages
(Violation of the C.R.S. § 8-6-109)

60. Plaintiff has been separated from employment with Defendants.

61. Defendants have failed to pay Plaintiff all his wages and compensation earned during Plaintiff's employment.

### Improper Deductions
(Violation of the C.R.S. § 8-4-105)

62. The Defendant made deductions from Plaintiff's wages other than those authorized under C.R.S. § 8-4-105, 7 C.C.R. 1103-1 (9)

### Failure to Pay Wages In Response to Wage Demand
(Violation of the C.R.S. § 8-6-109)

63. Plaintiff, through counsel, issued a Demand for Payment of Wages notice dated June 16, 2021.

64. Defendant has not tendered any payment in response to this demand.

65. More than 14 days has elapsed since June 16, 2021.

66. Therefore, Defendant owes plaintiff statutory penalties in the amounts set forth in C.R.S. § 8-4-109.

### Record-Keeping Failures; Failure to Provide Pay Stubs
(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq.*, Wage Order 7 C.C.R. 1103-1(12))

67. Defendants failed to maintain a true and accurate record for each employee, including Plaintiff, of the following information:

    a. name, address, social security number, occupation and date of hire

    b. date of birth, if the employee is under eighteen (18) years of age

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Lingle v. Sun Mountain et al*
USDC, District of Colorado

Complaint
Page 10

    c. daily record of all hours worked

    d. record of allowable credits and declared tips

    e. regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period.

68. Defendants failed to provide a paystub, or an itemized earnings statement of this information, to Plaintiff for each pay period. C.R.S. 8-4-103(4); C.R.S. §§ 8-6-101, et seq., Wage Order/COMPS 7 C.C.R. 1103-1(12)).

**Damages**

69. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

**As And For A Third Cause of Action:**
**CONVERSION/ THEFT OF SERVICES**

70. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

71. Pursuant to COMPS #36, § 8.4, failure to pay an employee less than the minimum wage and willful refusal to pay wages or compensation, or false denial of the amount of a wage claim, or the validity thereof, or that the same is due, with intent to secure for himself, any discount upon such indebtedness or any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, coerce, delay, or defraud the person to whom such indebtedness is constitute theft under C.R.S. § 18-4-401.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Lingle v. Sun Mountain et al*
USDC, District of Colorado

Complaint
Page 11

72. By failing to pay the Plaintiff at least the minimum wage, Defendants have committed theft of services.

73. Pursuant to CRS § 18-4-405, Defendants are liable to the Plaintiff for three times the amount of the actual damages sustained in addition to costs of the action and reasonable attorney fees.

### As And For A Fourth Cause of Action:
### FLSA – RETALIATION

74. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

75. Plaintiff complained to his pay to his immediate superior, Karen Rae Magistrelli about not being paid at least minimum wage.

76. By making this complaint, Plaintiff engaged in a statutorily protected activity.

77. Plaintiff, through counsel, issued a letter to Defendants demanding wage payments.

78. Shortly thereafter, Defendants engaged in eviction proceedings against Plaintiff.

79. Defendants never had a written lease agreement with the Plaintiff, nor did they ever charge or receive rent from him.

80. Defendants knew or should have known that Plaintiff did not have the means with which to secure alternate housing.

81. Defendants wanted the Plaintiff off his property at least in part because he was coming after them with wage claims.

82. Defendant violated the provisions of Section 15(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)), by discriminating against Plaintiff for exercising rights protected under the Act.

83. As a result of these violations by Defendant of the FLSA, the Plaintiff is entitled to damages

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Lingle v. Sun Mountain et al*
USDC, District of Colorado

Complaint
Page 12

as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount to be determined at trial.

### As And For A Fifth Cause of Action:
### CWCA – RETALIATION

84. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

85. Plaintiff inquired or complained about not receiving minimum wage pay to his supervisor, Defendant Karen Rae Magistrelli.

86. By complaining about the propriety of these pay practices to Defendants, Plaintiff engaged in an activity protected under COMPS § 8.5.

87. Defendants violated the provisions of COMPS § 8.5.by retaliating against Plaintiff for exercising protected rights.

88. As a result of these violations by Defendants of the CWCA, the Plaintiff is entitled to damages in an amount to be determined at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)   Unpaid and underpaid wages due under the FLSA and the CWCA; and

(B)   Liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C)   Statutory damages as provided for the CWCA, CRS § 8-4-109; and

(D)   Conversion damages in the amount of three times the amount of the actual damages

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Lingle v. Sun Mountain et al*
USDC, District of Colorado

Complaint
Page 13

sustained; and

(E) Appropriate damages for the retaliatory acts taken against through him, including back pay, front pay in lieu of reinstatement, emotional distress, other appropriate actual, general, or compensatory damages, and punitive damages, in an amount to be determined at trial;

(F) Interest; and

(G) The costs of this action together with reasonable attorneys' fees; and

(H) Such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **13th** day of **September, 2021.**

ANDERSONDODSON, P.C.

*s/ Penn Dodson*
**Penn A. Dodson**
penn@andersondodson.com
CO Bar Reg No. 54677
14143 Denver West Pkwy.
Suite 100-50
Golden, CO 80401
NY Bar No. 2738250
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 tel.

Attorney for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Lingle v. Sun Mountain et al*
USDC, District of Colorado

Complaint
Page 14

## VERIFICATION

I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.

Executed on  9/12/2021  at  woodland park, CO
               (date)                 (city or other location, and state)

**Daniel Lingle**  
Printed Name of Plaintiff

*Daniel Lingle* (DocuSigned by: 5D83382325FC494...)  
Signature of Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Lingle v. Sun Mountain et al*
USDC, District of Colorado

Complaint
Page 15