IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-2507-WJM-SKC

DANIEL LINGLE,

    Plaintiff,

v.

SUN MOUNTAIN RETREAT, LLC;
SUN MOUNTAIN RETREAT I, LLC;
FAMILY ACCOUNTS, LLC;
MAGISTRELLI FAMILY REVOCABLE LIVING TRUST;
WILDERNESS HEIGHTS PROPERTY OWNERS' ASSOCIATION, INC.;
HIGH WINDS, INC., f/k/a HIGH WINDS YOUTH, INC.;
KAREN RAE MAGISTRELLI; and
ROBERT MAGISTRELLI,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on Defendants Sun Mountain Retreat, LLC, Sun Mountain Retreat I, LLC, Family Accounts, LLC, Magistrelli Family Revocable Living Trust, Wilderness Heights Property Owners' Association, Inc., High Winds, Inc., Karen Rae Magistrelli, and Robert Magistrelli's (collectively "Defendants") Motion to Dismiss ("Motion") (ECF No. 9), in which Defendants request the dismissal of all claims brought against them by Plaintiff Daniel Lingle.

For the reasons discussed below, the Motion is granted.

### I. BACKGROUND

The following factual summary is drawn from Plaintiff's Verified Complaint ("Complaint"). (ECF No. 1.) The Court assumes the allegations contained in the

Complaint are true for the purpose of deciding the Motion.  *See Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Rae Magistrelli and Robert Magistrelli (the "Magistrellis") own several properties in Teller County, Colorado.  (*Id.* ¶ 7.)  They have set up various corporate entities, which are affiliated with the management and use of their properties, some of which are included as defendants in this case.  (*Id.* ¶¶ 9–14.)

Plaintiff worked for the Magistrellis from October 1, 2002 until approximately May 15, 2021.  (*Id.* ¶ 26.)  He performed a variety of tasks including those of a general laborer, handyman, or maintenance worker.  (*Id.* ¶ 27.)  During this period, Plaintiff lived in one of the buildings on Defendants' property at 9125 Canyon Drive in Woodland Park, Colorado.  (*Id.* ¶ 28.)  Plaintiff alleges that he worked an average of sixty-five hours per week as Defendants' employee but was only paid eighty dollars per week. (*Id.* ¶¶ 32–33)

On September 15, 2021, Plaintiff brought suit against Defendants, alleging two claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.  (*Id.* ¶¶ 7, 12.)  He also asserts numerous state law claims.  (*Id.* ¶¶ 8–12, 13.)

On September 24, Defendants filed the instant Motion, in which they request that all of Plaintiff's claims be dismissed.  (ECF No. 9.)  On October 8, 2021, Plaintiff filed a response to the Motion ("Response") (ECF No. 10), to which Defendants replied ("Reply") (ECF No. 11) on October 11, 2021.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted."  The

2

Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk*, 493 F.3d at 1177. In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

**A.     FLSA Claims**

A plaintiff seeking to invoke the protections offered by the FLSA must satisfy the requirements for either enterprise or individual coverage. *Reagor v. Okmulgee Cnty. Family Res. Center*, 501 F. App'x 805, 808 (10th Cir. 2012); s*ee also Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n.8 (1985) ("Employment may be covered under the [FLSA] pursuant to either 'individual' or 'enterprise' coverage"). Enterprise coverage exists where the enterprise is "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). Individual coverage exists where the employee himself was "engaged in commerce or in the production of goods for commerce." *Id.*

Defendants argue that Plaintiff has failed to allege facts that meet the requirements for either enterprise or individual coverage, and therefore, Plaintiff's FLSA

3

claims should be dismissed.  (ECF No. 9 at 4–6.)

### 1. Enterprise Coverage

Employees who work for certain enterprises are covered by the FLSA.  *See* 29 U.S.C. § 203(s)(1).  Such enterprises must: (1) have two or more employees who are directly engaged in commerce or handling goods or materials that have been moved in commerce; and (2) have annual gross volume sales over $500,000.  29 U.S.C. § 203(s)(1)(A)(i)–(ii).

Defendants argue that Plaintiff insufficiently pleaded enterprise coverage because he did not allege that he was employed by an enterprise with more than one employee.  (ECF No. 9 at 5.)  In his Response, Plaintiff states: "While he could have made allegations regarding additional employees, at a minimum he referred to himself, Mr. Magistrelli, and Mrs. Magistrelli as participating in the interstate activities."  (ECF No. 10 at 9.)

The Court agrees with Defendants.  In determining whether a claim is sufficiently pleaded, the Court considers the facts as alleged in the Complaint, not the facts that *could have been* alleged in the Complaint.  Plaintiff fails to allege that he was employed by an enterprise with more than one employee.  (*See generally* ECF No. 1.)  Plaintiff's reference to work done by the Magistrellis does not help him because he does not allege that they were employees.  Therefore, the Courts finds that Plaintiff has not sufficiently pleaded enterprise coverage under the FLSA.

### 2. Individual Coverage

Plaintiff also fails to establish individual coverage under the FLSA.  Even if an enterprise is not found to be covered by the FLSA, individual employees of an enterprise nevertheless may be covered.  *See Reagor*, 501 F. App'x at 808; 29 U.S.C. §

4

206(a) ("Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce . . . wages . . .").

"For individual coverage, an employee must directly participat[e] in the actual movement of persons or things in interstate commerce." *Reagor*, 501 F. App'x at 809 (internal quotations omitted); *see also N.M. Pub. Serv. Co. v. Engel*, 145 F.2d 636, 638 (10th Cir. 1944) ("[T]o be engaged in commerce within the meaning of that phrase, an employee must be actually engaged in the movement of commerce, or the services he performs must be so closely related thereto as to be for all practical purposes an essential part thereof.").

Plaintiff alleges that he performed a variety of tasks as Defendants' employee, including those of a general laborer, handyman, or maintenance man. (ECF No. 1 ¶ 27.) He alleges that, among other things, he fixed plumbing, mowed grass, and maintained diesel engines. (*Id.*)

The Court finds that Plaintiff's duties are not related to interstate commerce, and the complaint's allegations regarding same are not sufficient to allege individual coverage under the FLSA. *See Reagor*, 501 F. App'x at 808 (holding that plaintiff failed to allege individual coverage when she alleged that she handled goods that traveled in interstate commerce, admitted clients who had moved across state lines, used a telephone, and secured prescription drugs manufactured and distributed in interstate commerce for clients).

Therefore, all Plaintiff's FLSA claims are dismissed without prejudice because he has failed to allege that he is entitled to FLSA protection under enterprise coverage or individual coverage.

5

### B. Claims Brought under Colorado Law

"Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990). Plaintiff's remaining causes of action either arise out of Colorado statutes or are grounded in Colorado common law; no federal laws are implicated by these claims. (*Id.* ¶¶ 8–12, 13.) There is not a compelling reason to maintain jurisdiction over the state claims, and therefore, they are dismissed without prejudice.

### C. Leave to Amend

In his Response, Plaintiff requests that he be granted leave to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) if his claims are determined to be insufficiently pleaded. (ECF No. 10 at 9.)

This District's Local Rules state that "[a] motion shall not be included in a response or reply to the original motion" and require that each motion "be filed as a separate document." D.C.COLO.LCivR 7.1(d). The Court strikes Plaintiff's request for leave to amend for failure to comply with the Local Rules. He may file a separate motion for leave to amend if he can do so on a good faith basis.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Defendants' Motion to Dismiss (ECF No. 9) is GRANTED;
2. All claims against Defendants are DISMISSED WITHOUT PREJUDICE; and
3. Should Plaintiff Daniel Lingle believe himself in a position to plausibly plead facts which would cure the pleading deficiencies noted in this Order, he may file a motion seeking leave to file an amended complaint reflecting same by no later

6

than **May 10, 2022**.

Dated this 22nd day of April, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge