IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 21–cv–02507–CNS–MDB

DANIEL LINGLE,

    Plaintiff,

v.

SUN MOUNTAIN RETREAT, LLC,
SUN MOUNTAIN RETREAT I, LLC,
FAMILY ACCOUNTS, LLC,
MAGISTRELLI FAMILY REVOCABLE LIVING TRUST,
WILDERNESS HEIGHTS PROPERTY OWNERS' ASSOCIATION, INC.,
HIGH WINDS INC., f/k/a HIGH WINDS YOUTH, INC.,
KAREN RAE MAGISTRELLI, an individual, and
ROBERT ("BOB") MAGISTRELLI, an individual,

    Defendants.

**ORDER**

**Magistrate Judge Maritza Dominguez Braswell**

Before the Court is Plaintiff's Motion to Amend Complaint ["Motion to Amend"] and First Amended Verified Complaint ["Proposed Amended Complaint" or "proposed amendment"]. (Doc. No. 34.) Defendants filed a Response to the Motion to Amend, to which Plaintiff has replied. (Doc. Nos. 35; 37.) Having reviewed the Motion and associated briefing, the applicable case law, and being otherwise advised in its premise, the Court **GRANTS** the Motion to Amend.

**BACKGROUND**

Plaintiff began this lawsuit on September 15, 2021, by filing the original Complaint against Defendants. (Doc. No. 1.) In the Complaint, Plaintiff asserted five causes of action: (1) Fair Labor Stands Act ["FLSA"] violations; (2) Colorado Wage Claim Act violations; (3) Conversion/Theft of Services; (4) retaliation under the FLSA; and (5) retaliation under the Colorado Wage Claim Act.

On September 9, 2021, Defendants moved to dismiss the Complaint, arguing that Plaintiff had failed to state claims under the FLSA and that the Court should consequently dismiss Plaintiff's state law claims for lack of subject matter jurisdiction. (Doc. No. 9.) In his response, filed October 8, 2021, Plaintiff argued that he indeed had stated an FLSA claim, but, notably, that in the event the Court disagreed, he sought leave to amend the Complaint. (Doc. No. 10 at 9–10.) While the motion to dismiss was pending, the parties agreed to a scheduling order. (Doc. No. 17.) Relevant here, the scheduling order set March 25, 2022, as the deadline to amend pleadings. (*Id.* at 7.)

On April 22, 2022, the Honorable William J. Martinez dismissed the Complaint without prejudice, finding that Plaintiff failed to plausibly establish that the FLSA applied to the allegations and further finding that without the FLSA claims, the Court lacked jurisdiction over Plaintiff's state law claims. (Doc. No. 19 at 3–6.) In his order, Judge Martinez stated, "[s]hould Plaintiff Daniel Lingle believe himself in a position to plausibly plead facts which would cure the pleading deficiencies noted in this Order, he may file a motion seeking leave to file an amended complaint reflecting same by no later than May 10, 2022." (*Id.* at 6–7.) Plaintiff later moved to extend the deadline to amend his Complaint. (Doc. No. 25.) This motion was granted by the Honorable Magistrate Judge Kato Crews, who extended the deadline to move to amend to

2

July 12, 2022. (Doc. No. 31.) Plaintiff filed the instant Motion on the deadline day. (Doc. No. 34.)

Plaintiff's Proposed Amended Complaint makes additional factual allegations purporting to establish the applicability of the FLSA to his allegations. (*See* Doc. No. 34-1.) Plaintiff also seeks to assert an additional federal claim, in connection with the alleged FLSA violations, for fraudulent filing of an information return, under 26 U.S.C. § 7434.[1] (*Id.* at 10–11.) Additionally, the Proposed Amended Complaint claims that the Court now has diversity jurisdiction over the claims because Plaintiff has relocated to Missouri since the inception of the case. (*Id.* at 2.)

Defendants argue that because Plaintiff's Motion to Amend came after the original deadline to amend pleadings in this matter—March 25, 2022—Plaintiff must demonstrate good cause for the amendment under Fed. R. Civ. P. 16(b)(4), rather than only satisfy the more lenient Rule 15(a)(2) standard. (Doc. No. 17; Doc. No. 35 at 1–3); *see* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. *The court should freely give leave when justice so requires.*" (emphasis added)). Defendants contend that Plaintiff has not shown good cause under Rule 16(b)(4) because he failed to act diligently in moving for an amendment. (Doc. No. 35 at 3.) Defendants further argue that, in any event, Plaintiff's Proposed Amended Complaint is futile and thus should be denied. (*Id.* at 3–9.) Finally, Defendants argue that Plaintiff is incorrect in asserting that the Court now has diversity jurisdiction over this action. (*Id.* at 10–11.)

**LEGAL STANDARD**

---

[1] Regarding this additional claim, in the Motion to Amend Plaintiff states, "[f]or whatever it's worth, Plaintiff's counsel was intending to amend the [C]omplaint to include this claim prior to the motion to dismiss order being issued, as it was something that came to light during early discovery efforts." (Doc. No. 34 at 6.)

If a motion to amend a complaint is filed after the deadline set in a scheduling order, the Court must engage in a two-step analysis to determine whether the proposed amendment is proper under Federal Rule of Civil Procedure Rules 16(b) and 15(a). "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Federal Rule of Civil Procedure 16(b)(4) and (2) satisfaction of the Federal Rule of Civil Procedure Rule 15(a) standard." G*orsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) ("We now hold that parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so.").

> Rule 16(b)[(4)]'s good cause standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b)[(4)] does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, good cause means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, the Court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted). Notably, however, "rigid adherence to the pretrial scheduling order is not advisable." *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990).

If a plaintiff demonstrates good cause under Rule 16(b)(4), a court then moves to the second step of the analysis and reviews whether the plaintiff has satisfied the requirements of Rule 15(a). *Nicastle v. Adams Cty. Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011). Under Federal Rule of Civil Procedure 15(a)(2), the court is to freely allow amendment of the pleadings "when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of

4

discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "[T]he liberal standard for granting of motions for leave to amend unless the amendment inflicts undue prejudice on the non-moving party reflects the Court's underlying policy that pleadings should enable a claim to be heard on its merits." *James et al. v. Fenske*, 10-cv-02591-WJM-CBS, 2012 WL 592855 at *3 (D. Colo. Feb. 23, 2012) (citing *Calderon v. Kan. Dep't of Soc. & Rehabilitative Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999)).

Undue prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend his complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense." *Id.* (quotation omitted). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* at 1208 (citations omitted).

## ANALYSIS

### I. Fed. R. Civ. P. 16(b)(4)

The Court must begin its analysis by determining whether Plaintiff was required to show "good cause" for the proposed amendment pursuant to Rule 16(b)(4). Defendants argue that because the Motion to Amend was filed after the Scheduling Order's deadline to amend the pleadings, it is axiomatic that Plaintiff must show good cause for the proposed amendment, and

no further analysis of this issue is required. (*See* Doc. No. 35 at 1–3.) Plaintiff, on the other hand, points to Judge Martinez's order which granted him a window of time to seek leave to amend his Complaint—a window with which Plaintiff complied after being granted an extension. (*See* Doc. No. 37.) Plaintiff argues that because the Motion to Amend complied with this window, it should be reviewed only under the Rule 15(a)(2) standard and need not show good cause.

In determining whether the Rule 16(b)(4) standard applies, the Court begins its review by noting that Plaintiff first indicated a potential desire to amend the Complaint in his response to the motion to dismiss, filed on October 8, 2021—well before to the deadline to amend pleadings.[2] There, Plaintiff said, "[s]hould the Court agree with Defendants that any portion of the FLSA[] … [claims were] not properly pled, Plaintiff respectfully asks the Court to grant him leave to amend his Complaint." (Doc. No. 10 at 9.) While a few sentences in a response brief do not constitute a motion to amend, Defendants cannot say they were completely without notice that Plaintiff may seek to amend his Complaint until after the deadline to amend had passed.

Further, the Court notes that Judge Martinez's order, while not itself granting leave to amend,[3] provides a fairly permissive instruction to Plaintiff, saying that he could move to amend if he "believe[d] himself in a position to plausibly plead facts which would cure the pleading deficiencies noted in this Order." (Doc. No 19 at 6.) While the order does not contemplate utterly free leave to amend, it also does not apply a good cause constraint or refer to Rule 16(b)(4).

Defendants also cite to *Seale v. Peacock*, 32 F.4th 1011 (10th Cir. 2022), in support of their argument. In *Seale*, certain claims were predicated on anonymous letters that contained

---

[2] Indeed, this was prior to a scheduling order being established in this matter. (*See* Doc. No. 17.)

[3] But rather granting a window of time *to file for leave to amend*. (Doc. No. 19 at 6–7.)

6

disparaging and sensitive content about the plaintiff. 32 F.4th 1011, 1017. The sender(s) of these letters were sued as "John and/or Jane Doe" at the outset of the suit. *Id.* During much of the proceeding, the plaintiff made considerable efforts to identify the person(s) who had sent these letters, to serve them process and identify them in the complaint. *Id.* at 1018. To this end, the plaintiff brought four different motions for an extension of time to serve the unidentified defendant(s). *Id.* One week before the fourth deadline to serve, "[the plaintiff] moved to amend the complaint because he … obtained additional factual information" that supported his new allegation that an already identified defendant had been sending the anonymous letters. *Id.* at 1019 (internal quotations omitted). However, the magistrate judge denied the plaintiff's motion to amend, finding that it came after the deadline to amend the pleadings and that plaintiff had not shown good cause. *Id.*

In his appeal to the Tenth Circuit, the plaintiff argued that the magistrate judge erred in applying Rule 16 because her repeated extensions of the deadline to serve the unknown letter sender(s), had implicitly extended the deadline to amend the pleadings. *Id.* at 1030. Thus, the plaintiff argued, Rule 15(a)(2) alone applied to his motion to amend. *Id.* However, the Tenth Circuit was unpersuaded, noting there was "no language" in the orders that addressed amendments to the pleadings, and therefore Rule 16 applied and required a showing of good cause. *Id.* at 1030–31. Defendants argue this case is analogous and that the Court should follow *Seale* by requiring a showing of good cause. (Doc. No. 35 at 2–3.)

However, Defendants' argument misses a key fact at issue here. Judge Martinez's order *explicitly* designated a period in which Plaintiff could bring a motion to amend. Unlike in *Seale*, where the plaintiff contended that the magistrate judge had *implicitly* extended the deadline to

amend his complaint, here, Plaintiff points to an order that unambiguously contemplates a motion to amend. Arguably, Judge Martinez's order indeed *did* extend the scheduling order's deadline to amend the Complaint—though the Court declines to make this specific finding. In any event, when all relevant facts are viewed in totality—Plaintiff's prior indication of a possible motion to amend, Judge Martinez's explicit reference to a motion to amend, the permissive language in the order, and the lack of reference to Rule 16 or a showing of good cause—the Court finds Plaintiff was not required to make a showing of good cause in connection with the Motion to Amend. Accordingly, the Court declines to review whether Plaintiff has shown good cause and will turn to review the proposed amendment under Rule 15(a)(2).

## II.     Fed. R. Civ. P. 15(a)(2)

Broadly, when reviewing a proposed amendment under Rule 15(a), the Court asks "whether justice would be served by amendment." *Myers v. City of Loveland, Colo.*, 2013 WL 3381276, at *5 (D. Colo. July 8, 2013); *see* Minter, 451 F.3d at 1204 ("[Rule 15(a)] itself states that 'leave shall be freely given when justice so requires.' The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" (quoting Fed.R.Civ.P. 15(a); *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir.1982))). The Rule 15(a) standard is a "liberal" one. *James et al.*, 102012 WL 592855 at *3. "[L]eave should generally be permitted unless the moving party unduly delayed or failed to cure, the opposing party would be unduly prejudiced, or the proposed amendment would be futile." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### a.   *Undue Delay and Prejudice*

Defendants generally argue that Plaintiff failed to act diligently in pursuing the proposed amendment. (Doc. No. 35 at 3.) Defendants claim that "Plaintiff offers nothing but new allegations that he could have alleged prior to March 25, 2022" and that Plaintiff's proposed new federal claim for fraudulent filing arises from a 1099 form Defendants provided on February 28, 2022—prior to the scheduling order deadline to amend the pleadings. (Doc. No. 34 at 2–3.)

The Court may deny a motion to amend based on undue delay. *Minter*, 451 F.3d at 1205. "The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue." *Id.* at 1206. The Tenth Circuit "focuses primarily on the reason for the delay." *Id.* "A motion to amend is untimely if, among other reasons, the moving party has made the complaint a 'moving target,' is trying to 'salvage a lost case by untimely suggesting new theories of recovery,' is trying to present more theories to avoid dismissal, or is knowingly waiting until the eve of trial to assert new claims." *Myers v. City of Loveland, Colo.*, 2013 WL 3381276, at *5 (D. Colo. July 8, 2013) (quoting *Minter*, 451 F.3d at 1206).

At the outset, the Court notes that Plaintiff has not explained the timing of his motion to amend. Specifically, Plaintiff's briefing does not establish when he learned the additional factual allegations included in the Proposed Amended Complaint nor whether he could have moved to amend his Complaint earlier. (*See generally* Doc. Nos. 34, 37.) However, simple "lateness does not itself justify the denial of the amendment." *Llacua v. W. Range Ass'n*, 930 F.3d 1161, 1189 (10th Cir. 2019) (internal quotation and citation omitted). At issue in an undue delay analysis are the reasons behind the delay. That is, whether Plaintiff is engaged in "strategic gamesmanship" or acting with a "dilatory motive." *Ransaw v. Hilkey*, 20-cv-03584-NYW, 2021 WL 5068021 (D. Colo. Aug. 25, 2021).

Here, Defendants do not contend that Plaintiff acted with strategic motive in the timing of the Motion—instead only arguing Plaintiff failed to act diligently. (*See generally* Doc. No. 35.) Additionally, after reviewing the docket, the Court cannot identify any gamesmanship that occurred on Plaintiff's part. Instead, it simply appears that (1) Plaintiff noticed a possible desire to amend should his FSLA claim be dismissed, (2) Judge Martinez indeed dismissed the claim but gave leave to move to amend within a certain period of time, and (3) Plaintiff now attempts to utilize this allowance. (Doc. Nos. 10, 19, 34.). This timeline does not suggest Plaintiff has acted with undue delay. *Cf. Llacua*, 930 F.3d at 1189 (affirming denial of a motion to amend and noting that the district court found that the plaintiffs' efforts to amend only after the magistrate judge recommended dismissal of their operative pleading amounted to "strategic gamesmanship"); *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (affirming the denial of leave to amend where the plaintiff sought leave to amend "approximately a year and a half after the complaint was filed, 9 months after partial summary judgment was entered and only a few months before the case was scheduled for trial on the sole remaining issue of good faith.").

Further, as previously noted, there is no question that Plaintiff has complied with the court-established deadlines for this Motion, and the Court finds that this also weighs against a finding of undue delay. *See Ransaw*, 2021 WL 5068021, at *3–4 (declining to find undue delay for an allegedly "unexplained" amendment that came six months after the original complaint was filed, in part because the Plaintiff complied with the deadline to amend pleadings); *Church Mut. Ins. Co. v. Coutu*, No. 17-cv-00209-RM-NYW, 2018 WL 822552, at *4 (D. Colo. Feb. 12, 2018) (concluding that amendment was timely when filed by the deadline for amendment of pleadings).

10

Finally, the Court does not have reason to believe Defendants will be prejudiced—let alone *unduly* prejudiced—by the proposed amendment, either in its timing or substance. *See* Minter, 451 F.3d at 1207 (calling undue prejudice the "most important" factor in a Rule 15(a) analysis). The new allegations—including Plaintiff's new claim—arise from the same issues, time period, and facts as the proposed amendment. *Compare Hom v. Squire*, 81 F.3d 969, 973 (10th Cir.1996) (finding prejudicial a motion "to add an entirely new and different claim to [the plaintiff's] suit little more than two months before trial"), *with Childers v. Indep. Sch. Dist. No. 1*, 676 F.2d 1338, 1343 (10th Cir.1982) (ruling that the district court's refusal to allow an amendment was "particularly egregious in this case because the subject matter of the amendment was already alleged in the complaint").

### b. Futility

Defendants finally argue that regardless of the proceeding analysis, the Motion to Amend should be denied because the claims asserted in the Proposed Amended Complaint are futile. *See Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investor Servs., Inc.*, 175 F.3d 848, 859 (10th Cir.1999) ("Although Fed.R.Civ.P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."); *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir.1991) ("Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss ... a court may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." (citations omitted)).

11

Whether to conduct a futility analysis when reviewing a motion to amend is left to the discretion of the Court. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993). "In exercising its discretion under Rule 15(a), the court must … be guided [in part] by pragmatism and efficiency." *Fuller v. REGS, LLC*, 10-cv-01209-WJM-CBS, 2011 WL 1235688, at *3 (D. Colo. Mar. 31, 2011). As has been noted by other magistrate judges reviewing a referred motion to amend, "the denial of a motion to amend is a dispositive issue that may be only recommended by this Court." *White River Vill., LLP v. Fid. & Deposit Co. of Maryland*, No. 08-cv-00248-REB-MEH, 2013 WL 6168853, at *4 (D. Colo. Nov. 25, 2013). Thus, if the Court believed the Motion should be denied, that recommendation would be subject to the filing of objections pursuant to Fed.R.Civ.P. 72(b). "[I]f, after objections, the amendment is allowed by the presiding judge then the issue is likely to arise a second time on a motion to dismiss." *Titan Feeding, LLC v. Corey Cattle Co., LLC*, No. 19-cv-02541-PAB-SKC, 2020 WL 12752284, at *3 (D. Colo. Aug. 14, 2020). "Removing one step and allowing amendment now, to possibly be addressed on a Rule … 12(b)(6) motion later, satisfies Fed. R. Civ. P. 1." *Id.* In short, the Court finds that Defendants' futility arguments would be more efficiently and comprehensively considered in the context of a second dispositive motion. *See General Steel Domestic Sales, LLC v. Steelwise, LLC*, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (recognizing that a futility argument under Rule 15(a) effectively places "the cart before the horse"); *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 706 (10th Cir. 2014) ("The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits.").

Accordingly, it is **ORDERED** that Plaintiff's Motion to Amend (Doc. No. 34) is **GRANTED.** The Clerk is directed to file the "First Amended Complaint" (Doc. No. 34-1) as a separate docket entry

Dated this 10th day of November, 2022.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge