IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-02507-CNS-MDB

DANIEL LINGLE,

    Plaintiff,

v.

SUN MOUNTAIN RETREAT, LLC,
SUN MOUNTAIN RETREAT I, LLC,
FAMILY ACCOUNTS, LLC,
MAGISTRELLI FAMILY REVOCABLE LIVING TRUST,
WILDERNESS HEIGHTS PROPERTY OWNERS' ASSOCIATION INC.,
HIGH WINDS INC. f/k/a High Winds Youth, Inc,
KAREN RAE MAGISTRELLI, and
ROBERT MAGISTRELLI a/k/a Bob Magistrelli,

    Defendants.

---

ORDER

---

Before the Court is Defendants' Objection to United States Magistrate Judge Maritza Dominguez Braswell's Order granting Plaintiff Daniel Lingle's Motion to Amend (ECF No. 42). For the reasons set forth below, Defendants' Objection is OVERRULED. The Magistrate Judge's Order (ECF No. 40) is AFFIRMED.

## I. BACKGROUND

The procedural background of this case is set forth in the Magistrate Judge's Order (ECF No. 40 at 2-3), and the Court incorporates that summary herein. On November 10, 2022, the Magistrate Judge granted Mr. Lingle's Motion to Amend (*See id.*). Defendants timely filed their

1

Objection to the Magistrate Judge's Order (ECF No. 42). Mr. Lingle timely filed his Response (ECF No. 46).

## II. STANDARD OF REVIEW

A motion to amend is a non-dispositive motion. A magistrate judge's order on such a motion will be affirmed unless it is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). Under the clearly erroneous standard, the magistrate judge's order will be affirmed unless, upon review of the evidence, this Court is "left with the definite and firm conviction that a mistake has been committed." *Id.*

## III. ANALYSIS

Defendants essentially argue that the Magistrate Judge erred in granting Mr. Lingle's Motion to Amend because the Magistrate Judge did not determine whether Mr. Lingle satisfied Federal Rule of Civil Procedure 16(b)(4)'s good cause requirement, and that Mr. Lingle cannot show good cause to amend under Rule 16(b)(4) (*See* ECF No. 42 at 5-6). Mr. Lingle contends that the Magistrate Judge properly applied the Federal Rules of Civil Procedure in granting his Motion to Amend, and that he was not required to show good cause to amend his complaint (*See* ECF No. 46 at 2-3). The Court agrees with Mr. Lingle that the Magistrate Judge did not clearly err in granting his Motion to Amend.

As the Magistrate Judge noted, the District Court Judge allowed Mr. Lingle to move to amend his complaint (ECF No. 40 at 2). Later, Mr. Lingle was granted an extension of time to move to amend to July 12, 2022, after the parties' settlement talks failed (*Id.* at 2-3). Mr. Lingle met this deadline for moving to amend his complaint (ECF Nos. 32, 34). Accordingly, he did not need good cause to file his Motion to Amend, given that it was filed before the July 12, 2022

2

deadline that was appropriately set by the Magistrate Judge (ECF No. 32). Therefore, given the case's procedural history and Mr. Lingle's compliance with clear and direct court-established deadlines, the Magistrate Judge did not clearly err in concluding that Mr. Lingle was not required to satisfy Rule 16(b)(4)'s good cause standard and granting Mr. Lingle's Motion to Amend under Rule 15(a)(2). *See Smith v. Sprint/United Mgmt. Co.*, No. 15-CV-00550-WJM-KMT, 2015 WL 5444298, at *1 (D. Colo. Sept. 16, 2015) (concluding the plaintiff's motion to amend was timely when filed before deadline to amend pleadings).

## IV. CONCLUSION

For the reasons set forth above, the Magistrate Judge's Order (ECF No. 40) is AFFIRMED. Defendants' Objection (ECF No. 42) is OVERRULED.

DATED this 22nd day of November 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

3